UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                    Case No.: 16-70610 (AST)

    Frank Fiore                                                        CHAPTER 11

                 Debtor(s).                           **ORDER FOR RETENTION**
                                                                 **OF ATTORNEYS**
-----------------------------------------------------------x

        Upon the annexed application of the above-named Debtor(s), dated the 10th day of February, 2016, seeking an Order authorizing it to employ and retain the law firm of MACCO & STERN, LLP under the provisions of a General Retainer, and upon the annexed affidavit of MICHAEL J. MACCO, a member of the firm of MACCO & STERN, LLP stating that the said law firm has no present connection with any of the creditors, and further that they represent no adverse interest to the above named Debtor(s) or its estate in the matters upon which they are to be engaged, and it appearing that it is necessary for the Debtors to retain such counsel, it is

        ORDERED, that Frank Fiore, be and it hereby is, authorized to retain the law firm of MACCO & STERN, LLP as its attorneys to represent it as the Debtor in the within proceeding under a General Retainer and to render the legal services as enumerated in Paragraph 5 of the application, and to be compensated pursuant to Bankruptcy Court authorization.


No Objection:


_____
U.S. Trustee's Office

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x    Case No. 16-70610 (AST)
In re
                                                                CHAPTER 11

Frank Fiore
                Debtor.                            APPLICATION
----------------------------------------------------------X

TO:    THE HONORABLE
          UNITED STATES BANKRUPTCY JUDGE

        Frank Fiore, debtor and debtor-in-possession herein (the "Debtor"), as and for his application herein, respectfully represents:

        1. On February 17, 2016 (the "Filing Date"), the Debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code (the "Code") with the Clerk of this Court and was thereupon continued in the possession, operation and management of his business and property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. No trustee, examiner or creditors' committee has been appointed herein.

        2. This Court has jurisdiction of this application pursuant to 28 U.S.C. Sections 157 and 1334. Venue of these proceedings and the within application in this District is proper pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicated for the relief sought herein are Sections 327 and 1107 of the Code.

        3. The Debtor, as Debtor-in-Possession, desires to retain the firm of Macco & Stern, LLP as its attorneys in this case under a general retainer. The Debtor has been advised that each attorney of Macco & Stern, LLP who will appear before this Court on behalf of the Debtor is duly admitted to practice in this Court.

        4. The Debtor has selected Macco & Stern, LLP because the firm has had considerable experience in Chapter 11 reorganization cases, other bankruptcy and debt restructuring proceedings. The Debtor believes Macco & Stern, LLP is well qualified to represent it as a debtor-in-possession in this Chapter 11 case.

5. The professional services which Macco & Stern, LLP will render on behalf of the Debtor may generally be summarized as follows:

    a. To give advice to the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its business and property;

    b. To negotiate with creditors of the Debtor in formulating a plan of reorganization, to take all necessary steps to confirm such plan, including as necessary, negotiations for financing of the plan and/or continued operations of the Debtor;

    c. To prepare and file on behalf of the Debtor, as a debtor-in-possession, all necessary applications, motions, orders, reports, complaints, and other pleadings and documents;

    d. To appear before and protect and advance the interests of the Debtor before this Court, all appellate courts, and the United States Trustee; and

    e. To perform legal services for the Debtor, as a debtor-in-possession, which may be necessary and appropriate in this Chapter 11 case.

6. Pursuant to the Affidavit of Michael J. Macco annexed hereto, to the best of Debtor's knowledge, Macco & Stern, LLP has no connection with the creditors of the Debtor, or any other parties in interest, or their respective attorneys. The Debtor believes that the employment of Macco & Stern, LLP is necessary and in the best interests of the Debtor and its estate.

7. To the best of Macco & Stern, LLP knowledge, Macco & Stern, LLP represents no interest adverse to the Debtor as a Debtor-in-Possession, or to its estate, attorneys, or any interested persons in the matters upon which Macco & Stern, LLP is to be engaged by the Debtor.

8. To the best of the Debtor's knowledge, Macco & Stern, LLP is a "disinterested person" as that terms is defined in Section 101(14) of the Code, in that the firm, its members, associates and counsel:

    a. Are not creditors, equity security holders, or insiders of the Debtor;

    b. Are not and were not investment bankers for any outstanding security of the Debtor;

   c. Have not been, within three years before the date of the filing of the petition herein, (I) investment bankers for a security of the Debtor or (ii) attorneys for any investment bankers in connection with the offer, sale or issuance of a security of the Debtor;

   d. Are not and were not, within two years before the date of the filing of the petition herein, directors, officers or employees of the Debtor or of investment bankers, specified in subparagraph (B) or (C) of Section 101(14) of the Code; and

   e. Do not have any interest adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or investment bankers specified in subparagraph (B) or (C) of Section 101(14) of the Code, or for any other reason.

   9. The Affidavit of Michael J. Macco, represents that Macco & Stern, LLP is a disinterested party as that terms is defined by the Bankruptcy Code.

   WHEREFORE, the Debtor respectfully prays for entry of the prefixed order authorizing the retention and employment of Macco & Stern, LLP to the Filing Date, and for such other relief as this Court may deem just and proper.

Dated:  Islandia, New York
        February 10, 2016

                                                    _____
                                                    Frank Fiore

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                                  Case No.: 16-70610 (AST)

    Frank Fiore                                                            CHAPTER 11

                Debtor                                                      AFFIDAVIT
-----------------------------------------------------------------X
STATE OF NEW YORK )
COUNTY OF SUFFOLK) ss:-

    MICHAEL J. MACCO, being duly sworn, deposes and says:

    1. I am an attorney at law admitted to practice before this Court and I am a member of the firm of MACCO & STERN, LLP which firm maintains offices at 2950 Express Drive South, Suite 109, Islandia, New York 11749.

    2. That deponent's firm has no present connection with the above Debtor, his creditors, or any other party in interest, or its respective attorneys and accountants.

    3. Your deponent and your deponent's firm represent no adverse interest to the estate of Frank Fiore and the undersigned is the attorney who will bear primary responsibility for the representation whose authority is sought herein.

    4. That the undersigned has read and is generally familiar with (1) the Bankruptcy Reform Act of 1978 (11 U.S.C.) (2) the Bankruptcy Rules; (3) the Local Rules of the United States Bankruptcy Court for the Eastern District of New York.

    5. That the undersigned is competent to represent the interests of the entity on whose behalf representation is now sought in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

    6. Prior to the filing of the Chapter 11, Macco & Stern, LLP or any of its members individually, have received compensation as set forth in the Rule 2016(b) statement filed herein.

    7. It is further understood that upon payment of any additional funds, that the undersigned will file an amended 2016(b) statement disclosing the additional fees received.

8. Based on the foregoing, I believe the firm of MACCO & STERN, LLP is a "disinterested person" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

_____
MICHAEL J. MACCO

Sworn to before me this
18th day of February, 2016

*/s/ Janine M. Zarrilli*
Notary Public
Janine M. Zarrilli
Notary Public, State of New York
No. 01ZA5084708
Qualified in Nassau County
Commission Expires September 8, 2017