| | |
|---|---|
| **Macco & Stern LLP**<br>*Attorneys for the Debtor-in-Possession*<br>2950 Express Drive South, Suite 109<br>Islandia, New York 11749<br>(631) 549-7900<br>Michael J. Macco, Esq. | Hearing Date:   December 19, 2016<br>Time:                  11:00 a.m.<br><br>Objections Due:  December 12, 2016<br>Time:                  4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

FRANK FIORE,

                            Debtor
------------------------------------------------------------------x

Case No. 16-70610 (AST)

Chapter 11

## NOTICE OF HEARING TO CONSIDER FIRST INTERIM APPLICATION FOR COMPENSATION TO DEBTOR'S COUNSEL

**PLEASE TAKE NOTICE,** that Frank Fiore (the "Debtor"), the above-referenced debtors and debtors-in-possession, by and through their counsel, Macco & Stern, LLP, will move before the Honorable Alan S. Trust, United States Bankruptcy Judge, Eastern District of New York, at the Courthouse located at 290 Federal Plaza, Central Islip, New York, Room 960, on **December 19, 2016 at 11:00 a.m.,** or as soon thereafter as counsel can be heard, to consider the fee application of Macco & Stern, LLP, attorneys for the Debtors. The request for fees as set forth below represents the sums due and owing and are subject to the approval of the United States Bankruptcy Court:

    **MACCO & STERN, LLP**
    *Attorneys for the Debtor-In-Possession*
        Legal Fee Requested ................................................................. $27,920.00
        Disbursements Requested .......................................................... $ 1,823.28
        Total ........................................................................................... $29,743.28

**PLEASE TAKE FURTHER NOTICE,** that copies of the aforesaid applications for compensation will be on file with the Clerk of the Court and can be viewed and examined by any interested party during regular business hours as designated by the Clerk of Court at the Clerk's Office of the US Bankruptcy Court for the Eastern District of New York, Long Island Federal Courthouse, 290 Federal Plaza, 2nd Floor, Central Islip, New York 11722.  Copies are also available online at the Court's website through the ECF/PACER system at www.nyeb.uscourts.gov.  A PACER password and access fee may be required for the use of this system.  A copy of the applications will also be available for inspection at the offices of Macco & Stern, LLP upon request.

**PLEASE TAKE FURTHER NOTICE,** that objections to said applications must be made in writing and filed with the Court and served upon each of the respective applicants so as to ensure actual receipt no later than **December 12, 2016 at 4:00 p.m**.

Dated: November 14, 2016
       Islandia, New York

MACCO & STERN, LLP
Attorneys for the Debtor-In-Possession

By: _____
Michael J. Macco
A Member of the Firm
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

FRANK FIORE,

                            Debtor

------------------------------------------------------------x

Case No. 16-70610 (AST)

Chapter 11

## SUMMARY SHEET FOR FIRST INTERIM
## APPLICATION FOR COMPENSATION TO DEBTOR'S COUNSEL

| | |
|---|---|
| Applicant: | Macco & Stern, LLP |
| Name of Client: | Frank Fiore |
| Application Period: | February 17, 2016 through November 2, 2016 |
| Total Compensation Sought: | $27,920.00 |
| Total Expense Sought: | $1,823.28 |
| Petition Date: | February 17, 2016 |
| Retention Date: | |
| Order Approving Employment: | |

## SUMMARY OF ATTORNEY TIMEKEEPERS
## INCLUDED IN THIS FEE APPLICATION

| Name | Title | Year Admitted | Hourly Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|---|
| Michael J. Macco | Partner | 1981 | $525.00 | 50.1 | $26,302.50 |
| Cooper J Macco | Associate | 2013 | $325.00 | 3.5 | $1,137.50 |
| Carol Smith | Paralegal | N/A | $150.00 | 3.2 | $480.00 |
| **BLENDED HOURLY RATE** | | | $491.55 | 56.8 | $27,920.00 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

FRANK FIORE,

                                Debtor
-----------------------------------------------------------x

Case No. 16-70610 (AST)

Chapter 11

**FIRST INTERIM APPLICATION FOR COMPENSATION TO DEBTORS' COUNSEL**

      Macco & Stern, LLP (the "Applicant"), as attorneys for Frank Fiore (the "Debtor"), the above-referenced debtor and debtor-in-possession, move this Court for first interim allowance of compensation and reimbursement of expenses for services rendered and represents as follows:

**INTRODUCTION**

      1.      Michael J. Macco, Esq., is a member of the Applicant, is duly admitted to practice law before this Court, and authorized to submit this application for allowances (the "Application") on behalf of the Applicant.

      2.      Members of the Applicant have been practicing law for over thirty (30) years each, and have specialized in insolvency proceedings for almost that same period. Applicant's members have participated in seminars before the New York County, Nassau County, Suffolk County, New York City and Brooklyn Bar Associations, the Capital Region Bankruptcy Association, the United States Trustee Program, St. John's Law School, Touro Law School, and other professional groups on many relevant subjects, including creditor's rights, insolvency and bankruptcy.

      3.      Applicant has acted in other insolvency cases as the Trustee, Attorneys for the Trustee, Attorneys for the Debtor, Attorneys for the Debtor-In-Possession, Attorneys for secured creditors, and Attorneys for the Official Committee of Unsecured Creditors. By reputation and experience, Applicant is well-versed in many areas of bankruptcy practice.

4. All professional services for which compensation is requested were rendered in connection with this case.

5. No services for which compensation is requested were rendered on behalf of any person, persons or entities other than the Debtor herein.

6. In order to clearly inform the Court of the extent, detail and complexity of the services rendered, and for the Court to have an overall picture of Applicant's activities on behalf of the Debtor, Applicant has set forth the details of the services of this firm in summary fashion. It is intended that this Application will merely supplement the Courts' knowledge of this case and should not be considered an itemized statement of Applicant's services.

7. Applicant makes this Application for reasonable compensation for the professional services rendered by this firm as counsel to the Debtor in this proceeding and reimbursement of actual and necessary out-of-pocket disbursements incurred in the rendering of all required professional services on behalf of the Debtor. A breakdown of the out-of-pocket disbursements incurred by Applicant is set forth in the attached **Exhibit A**.

8. The professional services for which allowances are sought by Applicant were rendered by Macco & Stern, LLP, as attorneys for the Debtor, and on their behalf. Prior to this application, Applicant had received an initial retainer on behalf of the Debtor to undertake representation of the Debtor in this proceeding. Applicant received $51,717 prior to the filing and released legal fees of $7,500 and the filing fee of $1,717 prior to the Petition Date.

9. Applicant still possesses $42,500 from the Debtor, which is being held in Applicant's segregated escrow account pending the Court's approval of Applicant's legal fees in this case, including the fees included in this Application.

10. Since that time, Applicant was requested to undertake representation of the Debtor, and, pursuant to a written retainer agreement, it was agreed that hourly rates would be charged as follows: (1) $525.00 per hour for members of the Applicant; (2) $395.00 per hour for senior associates of the Applicant; (3) $325.00 per hour for junior associates of the Applicant; and (4) $150.00 per hour for paraprofessional time. No fee application is being made for the utilization of secretarial time. It was further contemplated that additional fees and costs would be certainly due to Macco & Stern, LLP as this case progressed, but any subsequent payments made after the initial retainer would be paid by the Debtor to the firm only after proper application for allowances was made to the Bankruptcy Court. Based upon the services provided, the blended hourly rate for the Applicant is $491.55, which the Applicant asserts was both necessary and reasonable given the circumstances.

11. Applicant has prepared records of its time and disbursements expended in the rendition of all professional services that were required on behalf of the Debtor. The firm's time records conform to the performance of the professional services rendered and those records are attached to this Application as **Exhibit B**. The Debtor is also in conformity with General Order 613 entered on June 4, 2013 by the Honorable Carla E. Craig and Section B.4 of the United States Trustee Guidelines, and has divided the work in categories in compliance therewith.

12. Applicant's members and associates have brought experience and knowledge to this action, which was necessary in providing adequate counsel to the Debtor. Any time Applicant spent internally conferencing this matter has not been billed. Whenever possible, associate time was used for certain services to keep billable hours to a minimum and all associate work was performed under the supervision of a member.

13. The services for which compensation is sought were substantially performed by Michael J. Macco, Esq., a partner of Applicant, and Cooper J Macco, Esq., a junior associate of Applicant.

14. The notice of hearing of this Application was duly served on all known creditors and parties in interest, including the Office of the United States Trustee (the "UST"), as more fully set forth in the annexed affidavit of service.

## BACKGROUND

15. Debtor is an individual who resides in Suffolk County, New York.

16. On February 17, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

17. On February 18, 2016, Debtor filed an application to employ the Applicant as attorneys for the Debtor (the "Employment Application").

18. An order approving the Applicant's Employment Application has been submitted to the UST and the clerk of the Court.

19. Notwithstanding the foregoing, Applicant's Employment Application is still pending the Court's approval.

20. At all times, the Debtor was authorized to operate as a debtor-in-possession under Bankruptcy Code §§1108 and 1109. The UST did not appoint a chapter 11 trustee or examiner, and an official committee of unsecured creditors was never formed

21. In compliance with Section B.4 of the Guidelines, Applicant has carefully distinguished among the discrete matters upon which Applicant has expended time. A breakdown of the discrete matters upon which Applicant has expended time is annexed hereto as **Exhibit D**.

22. The following is a brief summary of the fees expended by the Applicant during the Application Period:

Business Operations: Met with the Debtor; reviewed his records, Uniform Commercial Code filing, and tax returns; communication with creditors regarding certain continuing obligations of the Debtor, including the Debtor's vehicle loan and mortgage; review and enter into a reaffirmation with the creditor holding a claim secured by the Debtor's vehicle.

Case Administration: Prepared, reviewed, revised and filed petition and schedules; prepared, reviewed, revised and filed Bankruptcy Rule 1017 statement; reviewed and filed monthly operating reports; review notices of appearances filed in the case; telephone conferences and emails with the Court, creditors, and other parties-in-interest; review and file claims bar order; prepare for and attend Bankruptcy Code §341 First Meeting of Creditors; review scheduling order; prepare for and attend Initial Case Management conference; communications with the UST and creditors regarding same; prepare documents in response to request from the UST;

Litigation: Prepare settlement offer for pre-Petition Date judgment against the Debtor; communicate with judgment creditor's attorney regarding potential settlement; prepare documents for review by the judgment creditor in order to effect potential settlement; review and execute stipulation extending judgment creditor's time to object to the Debtor's discharge; reviewed dischargeability complaint filed against the Debtor; prepared, reviewed, revised and filed answer to the dischargeability complaint filed against the Debtor; telephone conferences and emails to and from Plaintiff's counsel regarding dischargeability action; review documents underlying dischargeability adversary proceeding; review request for mediation; communicate with Plaintiff's counsel regarding mediation.

23. The foregoing is a summary of the work expended by the Applicant. Parties are directed to the time sheets, annexed hereto as **Exhibit B**, for a more detailed breakdown of the work provided and the specific categories, pursuant to General Order 613 and Section B.4 of the United States Trustee Guidelines.

24. Applicant respectfully submits that the time records provided by Macco & Stern, LLP demonstrate an accurate representation of the time expended in this matter. However, due to the duration and complexity of this case, certain correspondence and telephone communications are not necessarily reflected in the time records. Actual time expended in this case therefore exceeds the time reflected in the time records annexed hereto, but no request for additional compensation is sought for these unrecorded hours. It is submitted that based on the anticipated

successful results obtained by Applicant on behalf of the Debtor, and together with the duration and expenses of this case, the amount requested by the Applicant is very reasonable and the time records reflect work, labor, and services rendered in a timely and efficient manner.

25.     Applicant has reviewed the time and disbursements records with the Debtor. The Debtor have no objections to the results obtained in these cases by Macco & Stern thus far and have expressed their complete satisfaction with the representation provided by this firm to date. Debtor have agreed that Applicant should receive full reimbursement of all disbursements and full payment for all time expended in this matter to date. Debtor believes that the amount of compensation due to Macco & Stern for the legal fees portion of this bill is properly set forth in the time records, and that sum properly reflects the actual sum due and owing to Macco & Stern, LLP. Both the Debtor and the applicant believe payment of the full outstanding amount at this time will not place an undue burden on the Debtor or the estates.

26.     Based on the foregoing, the Applicant requests that an allowance of legal fees in the sum of $27,920.00 for services rendered and disbursements in the sum of $1,823.28.

27.     Applicant asserts that the fees and disbursements are both reasonable and necessary given the services provided, and the net results achieved in this matter to date. Deducting the initial legal fee retainer of $7,500.00 results in an outstanding balance of $20,420.00 and deducting the initial disbursement retainer of $1,717.00 results in an outstanding balance of $106.28.

WHEREFORE, Applicant respectfully requests that this Court enter an order awarding interim fees to Macco & Stern, LLP, attorneys for the Debtor, for services rendered and disbursement advances in the sums set forth above, together with such other and further relief as this Court deems just and proper under the circumstances.

Dated: November 14, 2016
Islandia, New York

MACCO & STERN, LLP
Attorneys for the Debtor-In-Possession

By: _____
Michael J. Macco
A Member of the Firm
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900