| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Firm ID 11-2671938<br>Pres. Date: 2/14/17 9:30 a.m. |

-----------------------------------------------------------x

In Re:                                             Chapter 11

Frank A. Fiore                                     Case No.: 16-70610-ast

                        Debtor.

-----------------------------------------------------------x

## NOTICE OF PRESENTMENT OF OBJECTION TO CLAIM

SIR/MADAM:

    **PLEASE TAKE NOTICE** that an order will be presented for signature before the Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **February 14, 2017 at 9:30 a.m.** The proposed order will seek an order reducing or expunging claim number 1 as specifically set forth in the application annexed and in compliance with Bankruptcy Rule 3007, together with such other and further relief as this court deems just and proper.

    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASC II) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and served so as to be received by Macco & Stern, LLP., 2950 Express Drive South, Suite 109, Islandia, New York 11749 no later than **February 7, 2017 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are received the Court may enter an order granting the relief sought without further notice or hearing. In the event that objections are timely received by the Court, the Court will schedule a hearing to consider the objections at a date and time to be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections are filed the Court shall conduct a hearing on a date to be determined by the Court.

Dated: Islandia, New York
       January 5, 2017

                                          MACCO & STERN, LLP.
                                          Attorneys for the Debtor

                                          By:____/s/ Michael J. Macco____
                                             MICHAEL J. MACCO
                                             2950 Express Drive South, Suite 109
                                             Islandia, NY 11749
                                             (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                          Case No. 16-70610 (AST)

Frank A. Fiore.                                 Chapter 11

                        Debtor
-----------------------------------------------------------x

## DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM # 1
## FILED BY NISSAN-INFINITI LT

Frank A. Fiore, (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through his counsel, Macco & Stern, LLP, hereby moves the Court for an order expunging the proof of claim assigned claim number 1 (the "Claim") filed by Nissan-Infiniti LT (the "Claimant"), and respectfully sets forth as follows:

### BACKGROUND

1. The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are §502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007.1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

### BACKGROUND

2. On February 17, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On February 24 2016, Claimant filed the Claim in the secured amount of $7,619.50 (the "Claim Amount"). A copy of the Claim is annexed hereto as **Exhibit A**. The basis of the claim was for a lease of a vehicle.

4. The Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

## OBJECTION

5. Pursuant to Bankruptcy Code §502(b):

> [I]f . . . an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (1) Such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than such claim is contingent or unliquidated . . .

6. Bankruptcy Code §506 states, in relevant part, that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of such creditor's interest in the estate's interest in such property . . . and an unsecured claim to the extent that the value . . . is less than the amount of such allowed claim . . . ."

7. Additionally, pursuant to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."

8. The debtor entered into a lease agreement with the claimant for a 2014 Infiniti QX6. Before entry to this Order, the automobile will be returned.

9. The debtor satisfied all payments under the terms of the lease and will be returning the vehicle to the dealer in a timely fashion. Debtor anticipates that there will be no additional charges due.

10.     No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests the Court enter an order expunging Claim #1 filed by Nissan-Infiniti LT and granting such further and different relief as the Court deems just and proper.

Dated: January 5, 2017
       Islandia, NY

                                       **MACCO & STERN, LLP**
                                       Attorneys for the Debtor

By:     _____
       Michael J. Macco
       A Member of the Firm
       2950 Express Drive South, Suite 109
       Islandia, NY  11749
       (631) 549-7900