**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In Re:

Frank A. Fiore,

        Debtor.

Case No. 16-70610-AST
Chapter 11

## RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NO. 8 FILED BY NATIONSTAR MORTGAGE LLC

Nationstar Mortgage LLC ("Creditor") by and through its attorneys, McCabe, Weisberg, and Conway, P.C. files the following Response in Opposition to Debtor's Motion Objecting to Claim #8.

1. On February 17, 2016, Frank A. Fiore (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with this Court.

2. Creditor has a secured claim that encumbers the real property located at 3 Jill Court, Greenlawn, NY 11740 (the "Property").

3. On April 26, 2016, Creditor filed a proof of claim in the Debtor's Case, Claim #8-1, which reflects that Creditor has a secured claim in the amount of $85,724.81, with an arrearage amount of $1,361.60.

4. On January 5, 2017, the Debtor filed a claim objection to Creditor's Claim, alleging that the arrears listed were incorrect and that the claim was made in error. See Docket Entry No. 51. The Debtor's objection to claim is based on Debtor's representation that he was current on his mortgage at the time of the bankruptcy filing and that he "has been current since the inception of the mortgage".

5. As reflected in Claim # 8, the Creditor does not dispute that the Debtor was current on his mortgage payments at the time of filing; however, the arrears in the Proof of Claim are not attributed to missed mortgage payments but instead represent the projected escrow shortage at the time of filing. Creditor was entitled to, and is in fact required, to include amounts for any escrow shortage that exists at the time of the bankruptcy filing. The escrow shortage requirement is reflected on p.2 of the Official Form 410A Instructions for Mortgage Proof of Claim Attachment, which can be found on the

US Courts website http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-attachment-0 (the link to the US Courts Website is provided on the Website for the Bankruptcy Court of the Eastern District of New York) *See Official Bankruptcy Forms at* http://www.nyeb.uscourts.gov/forms-and-fees. A copy of the Proof of Claim 410A instructions from the US Courts Website is attached as **Ex. A.**

6. Furthermore, RESPA provides that mortgage creditors "shall not be prohibited from requiring additional monthly deposits in such escrow account to avoid or eliminate such deficiency." 12 U.S.C. § 2609(a). RESPA further provides that a lender may estimate the property taxes, insurance premiums and related charges that will be due on the property and "adjust the monthly payments under the mortgage by 1/12 of the total calculations to cover the estimated expenses. *see* 12 U.S.C. § 2609(a)(1).

7. While outside of bankruptcy, escrow shortage can and generally is spread out over a period of twelve months, several circuit court opinions from prior to the enactment of the most recent proof of claim form have held that the entire escrow shortage due at the time of filing must be included in the Proof of Claim. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 351 (5th Cir. 2008); *In re Rodriguez*, 629 F. 3d 136, 142-143 (3rd Circuit 2010).

8. Although not directly on point, further support for Creditor's position can also be found in *In re Northern New England Telephone Operations, LLC*, ("NNETO") which upheld a decision from the Bankruptcy Court for the Southern District of New York where the bankruptcy court ruled that certain 2009 tax liens held by the City of Concord were eliminated upon confirmation of the Debtor's Chapter 11 Bankruptcy Plan. In that case, NNETO and its parent corporation filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code on October 26, 2009, the City of Concord subsequently filed proof of claims for the taxes due for the 1st and 2nd quarters of the 2009 tax year, which were pre-petition but not for the 3rd and 4th quarters of the 2009 tax year, which were post-petition. The City of Concord later sought to collect its taxes for the 3rd and 4th quarters of 2009, arguing that tax liens were not eliminated upon confirmation of the plan because the property subject

to the lien was not dealt with in the Plan and that the City had not participated in the case as to tax liens for the 3rd and 4th quarters of 2009, which arose post-petition and were not eliminated by confirmation of the plan. The Bankruptcy Court held in part that although the City chooses to bill taxes on a quarterly basis, the tax lien for the entire year became an obligation of the Debtor on April 1, 2009, which was pre-petition and was therefore even though the 3rd and 4th quarters of 2009 were post-petition the Debt for the entire 2009 tax year was pre-petition and the debt and lien was therefore eliminated upon confirmation of the bankruptcy plan. The decision of the Bankruptcy Court was upheld by the District Court and subsequently by the Second Circuit Court of Appeals, which in agreeing with the Bankruptcy Court Decision, held that "New Hampshire law sets April 1 as the start of the tax year…. and allows municipalities the option to issue property tax bills on a quarterly basis….. Although the City elects to issue quarterly tax bills under that provision, it is undisputed that a single, automatic statutory lien arises on April 1 of each year to secure payment of the entire tax burden for the tax year." *In re Northern New England Telephone Operations, LLC*, 795 F. 3d 343, 350-351 (2d Cir. 2015). Much as in *Northern New England Telephone Operations*, although Creditor has the option outside of bankruptcy court to spread the escrow shortage out over 12 months, it is not required to do so and therefore the entire escrow shortage amount at the time of the bankruptcy filing constituted a pre-petition claim and was therefore required to be included in the Proof of Claim.

**WHEREFORE**, Nationstar requests that the Court enter an order denying Debtor's Objection to Claim #8-1; and for such other and further relief as the court deems just and proper.

Dated: January 27, 2017   Respectfully Submitted,
New Rochelle, NY

                                                        */s/ Charles A. Higgs*
                                                        Charles A. Higgs
                                                        McCabe, Weisberg & Conway, P.C.
                                                        Attorney for Creditor
                                                        145 Huguenot Street, Suite 210
                                                        New Rochelle, NY 10801
                                                        (914) 636-8900